UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIRK TASSIN AND JENNIFER TASSIN | CIVIL ACTION |
| VERSUS | NO. 06-8837 |
| AEGIS SECURITY INSURANCE COMPANY, ET AL | SECTION "N" (2) |

## **ORDER AND REASONS**

Before the Court is a Motion to Remand filed herein by plaintiffs, Kirk Tassin and Jennifer Tassin. Aegis Security Insurance Company (hereafter "Aegis") opposes the Motion to Remand. Aegis removed this matter from the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana, on the following grounds: improper joinder of other defendants, including local defendants;[1] failure to state a viable claim against local defendants, thus creating diversity jurisdiction; and untimeliness of claims against the local defendants, thus creating diversity jurisdiction. Upon review of the memoranda submitted by counsel, as well as the record herein, and

---

[1] The issue of improper joinder under Fed.R.Civ.P. Rule 20 has been the subject of recent jurisprudence in this Court, and favors movants. See, e.g., *Schwartz v. Chubb & Sons, Inc.,* 2006 WL 980673 (E.D. La. April 11, 2006); *Radlauer v. Great Northern Insurance Co.,* 2006 WL 1560791 (E.D. La. May 16, 2006).

controlling statutory and jurisprudential provisions, the Court finds the Motion to Remand to be well founded and hereby remands this matter to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.

The Court must take into account all unchallenged factual allegations in a light most favorable to plaintiffs, *Ross v. City Financial, Inc.,* 344 F.3d 458 (5th Cir. 2003), and finds this case similar to a recent decision in *Landry v. State Farm Fire & Casualty Co.,* 428 F.Supp.2d 531 (E.D. La. 2006).

As to defendant's claim that any such claim against the agent Dan Burghardt Insurance Agency, Inc. (hereafter "Burghardt") are barred pursuant to La. R.S. 9:5606,[2] the Court also

---

[2]That professional insurance agents are amenable to actions for damages is implicit in the statute creating time limits for such actions. La. R.S. 9:5606 provides as follows:

A.  No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of alleged act, omission, or neglect.

B.  The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

C.  The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

D.  The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

disagrees. When considered in the light most favorable to the plaintiffs, the allegations of the petition create an arguable basis as to whether or not the peremptive period has run, and thus the claim against Burghardt cannot be disregarded for jurisdictional purposes. See Original Petition, ¶ IV, XIII, XIV and XV. See *Rizzuto v. Tully, et al,* 2006 WL 3332832 (E.D. La. November 14, 2006).

Of course, further discovery may reveal that the claim against Burghardt is entirely without merit, and/or that it is subject to dismissal under La. R.S. 9:5606. The task of the Court at this juncture, however, is not to evaluate the substantive merits of Aegis' (or Burghardt's) position as a final adjudication, but to merely determine whether Aegis has met its heavy burden of demonstrating federal jurisdiction by predicting no reasonable basis for the imposition of liability on the non-diverse defendant. As the Court must resolve all ambiguities of state law in favor of the non-removing party, and considering the bare allegations of the plaintiffs' original petition, this matter should be remanded to state court.

Such being the case, the Court finds it unnecessary to consider the alleged procedural deficiencies in the removal (i.e., the lack of obtaining consent of co-defendants for removal).[3]

---

[3] In their Motion to Remand, plaintiffs also assert that there is no federal question jurisdiction related to the procurement of flood policies, citing *Seruntine v. State Farm Fire and Casualty Ins. Company.,* #06-1580 (08/02/06) (E.D. La., 2006) U.S. Dist. LEXIS 56683 (E.D. La. 2006). Aegis' opposition memorandum does not argue such grounds for removal jurisdiction. To the extent that such grounds were originally offered for removal, the Court agrees with the analysis in *Seruntine*.

## CONCLUSION

For the reasons stated herein, the Motion to Remand is **GRANTED**.[4]

New Orleans, Louisiana, this  15th  day of February, 2007.

>                         _____
>                               **KURT D. ENGELHARDT**
>                               **United States District Judge**

---

[4] Plaintiffs do not seek attorney's fees and costs in connection with the Motion to Remand and the Court exercises its discretion not to grant such. See *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993).